# IN THE COURT OF APPEALS OF IOWA

No. 21-1286
Filed November 23, 2021

**IN THE INTEREST OF A.M.,**
**Minor Child,**

**D.B., Mother,**
     Appellant.

_____

     Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.

     A mother appeals the termination of her parental rights.  **AFFIRMED.**

     Chira L. Corwin of Corwin Law Firm, Des Moines, for appellant mother.

     Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General for, appellee State.

     Erin Mayfield of Youth Law Center, Des Moines, attorney and guardian ad

litem for minor child.

     Considered by Mullins, P.J., and Schumacher and Ahlers, JJ.

**MULLINS, Presiding Judge.**

A mother appeals the termination of her parental rights.[1] She argues there was insufficient evidence to prove the child could not be returned to her care at the time of termination and that termination was not in the child's best interests.

The child at issue was born in 2015. The mother and child came to the attention of the Iowa Department of Human Services (DHS) in April 2020 when a family friend reported the mother and child were living in a car. The reporter also said the mother used and sold methamphetamine out of the car, and the child witnessed the mother's paramour assault her. The child was adjudicated in need of assistance in June and was removed from the mother's care pursuant to a motion to modify placement.

Over the course of the proceedings, the mother has completed several substance-abuse evaluations and started in- and out-patient treatment multiple times. None of those efforts have been successful, and the mother has continued to use methamphetamine. The mother entered inpatient treatment the Friday before the termination trial. The mother admitted during her testimony that she last used methamphetamine the same day her inpatient treatment began.

Although the mother engaged in appropriate behavior with the child during visits supervised by DHS, they have not led to positive results. Following visits, the child displayed aggressive behavior and suffered nightmares. Just prior to the termination trial, the child's therapist recommended that visits be discontinued to allow the child to address her own mental-health needs.

---

[1] The father's rights were also terminated. He did not contest termination and does not appeal.

In December 2020, the child was placed in the home of a maternal relative. That placement has been attentive to the child's needs and was in the process of seeking approval to adopt the child at the time of termination.

The termination trial was held in July 2021. The mother's rights were terminated pursuant to Iowa Code section 232.116(1)(f) (2021).

We review terminations of parental rights de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)). Our primary concern is the best interests of the child. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The State bears the burden to prove grounds for termination by clear and convincing evidence, meaning "there are no serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *Id.*

Our review follows a three-step process. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). First, a court must "determine if a ground for termination exists under section 232.116(1)." *Id.* The court then considers whether termination is in the best interests of the child, "giv[ing] primary consideration to the child's safety, to the best placement for long-term nurturing of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* (quoting Iowa Code § 232.116(2)). Finally, if raised, the court must consider the permissive exceptions to termination contained in section 232.116(3). *Id.*

The State contests the mother's claim that there was insufficient evidence to prove that the child could not be returned to her care at the time of termination on error-preservation grounds. "It is a fundamental doctrine of appellate review

that issues must ordinarily be both raised and decided by the district court before we decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Because the mother asked for an additional six months to work toward reunification, instead of arguing that the grounds of section 232.116(1)(f) had not been met, we agree with the State that error was not preserved. *Id.* Even if we were to determine error was preserved, the mother's argument is meritless. During her testimony, she admitted the child could not be returned to her care at the time of the termination trial, rendering all four elements of section 232.116(1)(f) proved by clear and convincing evidence.

We now turn to the mother's best-interests argument. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *A.M.*, 843 N.W.2d at 112 (quoting *P.L.*, 778 N.W.2d at 40). This child has waited since April 2020 for the mother to engage in substance-abuse treatment. The mother has not meaningfully done so. The child continued to have negative reactions following visits with the mother. The child is at an adoptable age and is placed with a familial relative who wishes to adopt. The mother admitted during her testimony both that the child could not be returned to her care and that the child should not have to wait for a sober caregiver. This child deserves permanency now, and we will not make the child wait any longer. We agree with the district court that termination of the mother's parental rights is in the best interests of the child.

**AFFIRMED.**